IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Tyrell Woods,

                         Petitioner,

v.

Warden, Department of Corrections, South Carolina,

                         Respondent.

C/A No. 0:25-cv-3883-JFA-PJG

**OPINION AND ORDER**

## I.    INTRODUCTION

Petitioner Tyrell Woods, ("Petitioner"), a state prisoner proceeding through counsel, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Respondent's motion for summary judgment. (ECF No. 17).

After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's motion for summary judgment should be granted. (ECF No. 20). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on June 22, 2026. (ECF No. 25). Respondent filed a Reply on July 3, 2026. (ECF No. 27). Additionally, Respondent has

1

moved to withdraw the previously asserted statute of limitations defense. (ECF No. 24). That motion is granted. Thus, this matter is ripe for review on the merits.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 20). In short, Petitioner is challenging his 2014 conviction in South Carolina state court for burglary in the first degree, armed robbery, attempted murder, possession of a weapon during a violent crime, and conspiracy. Petitioner alleges he received ineffective assistance of counsel on three separate issues. The Magistrate Judge recommends that Respondent's motion for summary judgment be granted as Petitioner has failed to set forth any viable grounds for relief.

In response to the Report, Petitioner enumerated several objections. (ECF No. 25). Each is addressed below.

## Ground 1 Objections

Petitioner's first set of objections aver that the Magistrate Judge erred in finding that appellate counsel's failure to challenge Detective Lee's lay identification testimony was constitutionally reasonable.

More specifically, Petitioner argues the Report "wrongly credits a post-hoc rationalization the record does not support." (ECF No. 25, p. 2). Here, Petitioner mainly takes issue with the trial court's admission of a detective's testimony despite an alleged lack of foundation. Petitioner adamantly argues that the trial judge should have disallowed the testimony as the foundation for that identification was a single, passing encounter five years before the crime when Woods was approximately fourteen years old.

Petitioner's argument makes sense and may have merit—if it were made to the trial court judge. The problem here is that this court does not conduct a *de nevo* review of evidentiary rulings made by the state trial judge. Rather, the court is called on to determine if the state court rendered a decision that was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Petitioner criticizes the Report's case law analysis by averring it "does not engage with the critical distinction: a single, brief encounter with a teenager five years before the surveillance footage was recorded bears no resemblance to the long-term, frequent contact that *Mitchell* and *Fripp* addressed." (ECF No. 25, p. 3). That is not the standard applicable

4

here. Instead, the court must determine whether the state court's application of this law when analyzing a claim of ineffective assistance of counsel was objectively unreasonable, not just merely wrong. The Magistrate Judge did, in fact, address Petitioner's argument that the state cases could be potentially distinguished factually. However, the Magistrate Judge also considered the PCR court's more expansive ruling that counsel's decision had to be viewed through the lens of deference to the trial judge when reviewed on appeal, i.e., the standard of review; that there was record "evidentiary support" for the ruling. Here, the court cannot conclude such application was unreasonable. Petitioner may disagree with the state court's ruling, but he has failed to show the state court's interpretation of its own law at several levels was incorrect.

Petitioner also takes issue with appellate counsel misremembering the nature of the objection on the trial court level. This is a red herring as appellate counsel clearly stated the issue was preserved for review on appeal and could have been pressed if he believed it had merit. Instead, he reviewed the record and applicable law before determining the issue was not viable. The PCR court likewise reviewed the applicable law and agreed. Accordingly, Petitioner's objection is overruled.

Petitioner next argues that the "Report's prejudice analysis rests on an impermissible circular bootstrapping." (ECF No. 25, p. 4). Here, Petitioner takes issue with the Report's reliance on fingerprint evidence, which is itself the subject of ground three of the instant petition, to show lack of prejudice due to overwhelming evidence. Petitioner's argument may hold water if the court agreed with his qualms as to ground three of the instant petition. However, as discussed in the Report and affirmed below, the court rejects

Petitioner's arguments as to the failure to challenge fingerprint evidence at trial. Accordingly, the Magistrate Judge did not err in referencing the matching fingerprints to show lack of prejudice by the admission of the detective's identification testimony.

**Ground 2 Objections**

Petitioner's next objection takes aim at the Report's analysis as to ground two of the petition which challenges appellate counsel's abandonment of the conspiracy indictment issue. Specifically, Petitioner argues that the South Carolina case of "*Magazine v. State* does not govern this case and is materially distinguishable on its facts." (ECF No. 25, p. 5). Here again, Petitioner forgets that this court is not called upon to evaluate the applicability of a state court case anew. Rather, the court must determine if the reviewing court's interpretation of its own case law is unreasonable in light of clearly established Federal law.

Petitioner does a commendable job of showing how the case of *Magazine v. State* is factually distinguishable from the case at bar. However, he fails to show that the PCR court was unreasonable in applying that law to the instant case. Sure, the facts of *Magazine* are not identical with the facts of Petitioner's case. However, the PCR court was persuaded by the legal analysis provided in *Magazine* and utilized that reasoning in a situation the court felt was factually similar enough to warrant application. As noted in the Report, "[f]or our purposes, it is enough that Respondent's interpretation [of *Magazine*] is the one adopted by the PCR court and apparently adopted by the South Carolina Court of Appeals in its review of appellate counsel's *Anders* brief and Woods's *pro se* appellate brief." (ECF No. 20, p. 14).  Two state courts interpreting state law in this way grants credence to

appellate counsel's consideration of *Magazine* and ultimate decision to raise the indictment issue in an *Anders* brief. Thus, Petitioner has failed to show that the PCR court's assessment of appellate counsel's decision did not comport with *Strickland*. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, this objection is overruled.

Next, Petitioner contends the Magistrate Judge failed to address the "constitutional dimension" of his ground two but identifies that "constitutional dimension" as due process. However, Petitioner's ground is one based on an allegation of ineffective assistance of appellate counsel. In the PCR action, Petitioner argued counsel was ineffective in failing to argue in a merits brief that the trial court abused its discretion in not dismissing the conspiracy charge. The PCR court addressed the ineffective assistance claim and did not address any aspect of the Fourteenth Amendment due process. In the PCR appeal, Petitioner only included one sentence from a state case that referenced "a component of the due process" guaranteed a defendant and cited to the Fifth Amendment. That reference to the Fifth Amendment also appears in the phrasing of the petition here. Based on the record, Petitioner's present argument in the objections contending the Magistrate Judge erred in not addressing a Fourteenth Amendment analysis lacks merit.

Additionally, Petitioner asserts that "*Gray v. Netherland* and *Lankford v. Idaho*[1] were directly applicable" but fails to show how or why. Simply referencing Supreme Court precedent and the Fourteenth Amendment fails to show how Petitioner's rights were actually violated, let alone how his counsel was ineffective in failing to press the issue in a merits brief.

Also, it should be noted that this issue was indeed presented by way of an *Anders* brief. Accordingly, appellate counsel brought it to the reviewing court's attention who nonetheless found the claim lacked merit. Indeed, the PCR judge found that Petitioner did have sufficient notice, if for no other reason, because the charge had been read to him prior to trial. Accordingly, Petitioner can show no ineffective assistance of counsel or resulting prejudice.

**<u>Ground 3 Objections</u>**

Petitioner next asserts that the Magistrate Judge erred in finding that trial counsel's failure to investigate and challenge the fingerprint evidence was constitutionally reasonable, and the Report's own reasoning creates a genuine dispute of material fact that precludes summary judgment.

---

[1] A review of these cases fails to show how they are applicable here other than standing for the general proposition that the Fourteenth Amendment requires some notice. *See Lankford v. Idaho*, 500 U.S. 110, 128 (1991)(overturning a state death penalty where defendant had no notice the judge was considering death as a possible penalty after the state affirmed it would not seek death penalty); *Gray v. Netherland*, 518 U.S. 152, 170 (1996) (holding that "notice-of-evidence claim would require the adoption of a new constitutional rule"). Accordingly, the court cannot conclude that the PCR court's decision "involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States." 28 U.S.C. § 2254.

Petitioner specifically states that the Magistrate Judge misread the SLED fingerprint report and claims that summary judgment is not appropriate as the PCR court found that the report was susceptible to "two reasonable interpretations." Once again, Petitioner overlooks the scope of review in adjudicating § 2254 petitions. The existence of a genuine issue of material fact as to a disputed portion of the record as to *this* proceeding may preclude summary judgment. However, on review, this court must determine whether the PCR court unreasonably determined the disputed facts before it. Here, the record shows that the PCR court identified a dispute of fact as to whether counsel misread the SLED report. The PCR court then held that "because the meaning is entirely unknown absent rank speculation, [Petitioner] simply cannot meet his burden of establishing trial counsel was deficient for failing to raise an objection or challenge that very well could have resulted in a clarification from the expert that would have been detrimental—as opposed to beneficial—to [Petitioner's] interest." (ECF No. 16-5, p. 112). Stated differently, the PCR court ruled that trial counsel was not ineffective despite the existence of two reasonable interpretations as to the State's evidence. This court is not here to resolve those competing interpretations. Instead, this court must determine whether the PCR court was unreasonable in determining whether Petitioner failed to carry his burden after identifying the competing interpretations. Here, the PCR court's determination was entirely reasonable.

The court is well aware that Petitioner disagrees with this determination. However, the PCR court sensibly considered the evidence before it and explained its reasoning thoroughly. The court is not here to second-guess a well-reasoned factual determination

supported by evidence in the record. (ECF No. 20, p. 15 n. 4). Thus, this objection must be overruled.

Next, Petitioner claims trial counsel's failure to investigate the fingerprint report was constitutionally deficient. As discussed above, the PCR court disagreed with this proposition and the court must show deference to that well-reasoned determination. Moreover, as discussed below, there was no error in the procurement of a new standard of fingerprints for use in trial and counsel's failure to challenge the original standard would not have changed the outcome. Accordingly, Petitioner can show no prejudice and therefore no ineffective assistance of counsel.

Petitioner also asserts that the *Schmerber* hearing was constitutionally defective as the resulting order was issued without sworn testimony and without affidavits. Petitioner ignores the PCR court's holding that trial counsel was not ineffective in failing to lodge a challenge to the *Schmerber* order because Petitioner "had no valid basis upon which to refuse to submit to fingerprinting by virtue of his lawful arrest and detention regardless of whether such fingerprinting had been preauthorized by warrant or court order." (ECF No. 16-5, p. 101)(citing *Maryland v. King*, 569 U.S. 435, 465 (2013)). Accordingly, Petitioner's reliance on *Schmerber* is misplaced as the PCR court properly held that the warrantless collection of fingerprints from a lawfully detained person is constitutionally reasonable.

Additionally, the PCR court found that fingerprint evidence would have been introduced regardless of any *Schmerber* challenge and regardless of whether any prior fingerprint standard would have been suppressed. Specifically, the PCR court held that

10

even assuming for argument's sake a meritorious objection predicated on the propriety of the *Schmerber* order could have somehow have been lodged under the circumstances involved, Applicant still could not establish he suffered any prejudice as a result of trial counsel's failure to raise such an objection because—as both a valid probable cause basis and an inexorable desire on the part of the State for the collection of the Applicant's fingerprints unquestionably existed—an admissible standard of Applicant's fingerprints which were individually unique to him would have been properly obtained and used for comparison services just as solicitor Clemens made clear even if trial counsel had somehow been able to obtain the suppression of the already collected standard.

(ECF No. 16-5, p. 102).

Petitioner has failed to show how this determination was in error. Accordingly, Petitioner can show no prejudice resulting from the failure to challenge the fingerprints used or the failure to comply with *Schmerbe*r in obtaining those fingerprints.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 20). Consequently, the motion for summary judgment (ECF No. 17) is granted and the petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

IT IS SO ORDERED.

July 21, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."